UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN YUNG,

                Plaintiff,

-against-

CITY OF NEW YORK, et al.,

                Defendants.

1:24-CV-5182 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

       By order dated and entered July 11, 2024, the Court directed Plaintiff, who appears *pro se* and whom the Court understood to be then held in the Otis Bantum Correctional Center ("OBCC") on Rikers Island, within 30 days, to either pay the $405 in fees to bring this action or submit a signed *in forma pauperis* application ("IFP" or "IFP application") and a prisoner authorization. (ECF 4.) The next day, July 12, 2024, the Clerk of Court mailed a copy of that order to Plaintiff at the OBCC; it was never returned to the court with an indication that Plaintiff was no longer held in that facility.

       In a letter dated July 19, 2024, which was contained in an envelope that was postmarked July 24, 2024, and that was received by the court on July 29, 2024, Plaintiff notified the court that, on an unspecified date, he had been transferred to the Mid-Hudson Forensic Psychiatric Center ("Mid-Hudson"), in New Hampton, New York. (ECF 5.)

       By order dated September 23, 2024, and entered September 25, 2024, and in a judgment dated and entered September 25, 2024, the Court dismissed this action without prejudice due to Plaintiff's failure to comply with the Court's July 11, 2024 order. (ECF 6 & 7.) One day later, on September 26, 2024, the Clerk of Court mailed copies of that order and judgment to Plaintiff at Mid-Hudson.

In another letter dated October 4, 2024, which was contained in an envelope that was postmarked October 7, 2024, and that was received by the court on October 10, 2024, Plaintiff informed the Court that, as of October 3, 2024, Plaintiff had been transferred to the George R. Vierno Center ("GRVC"), another facility on Rikers Island.[1] (ECF 8.)

In still another letter dated October 11, 2024, which was contained in an envelope that was postmarked October 16, 2024, and that was received by the court on October 21, 2024, Plaintiff, who was then held in the GRVC, stated that he had been previously transferred to Mid-Hudson on July 11, 2024, and that, "[a]s such, [he had] never received any notice of" the Court's July 11, 2024 order. (ECF 9.) In that letter, Plaintiff asks for "equitable consideration and tolling," and that the Court "reconsider [its] judgment of di[s]missal." (*Id.*) In a letter dated November 5, 2024, which was contained in an envelope that was postmarked November 6, 2024, and that was received by the court on November 13, 2024, Plaintiff, from the GRVC, makes similar, if not, the same requests for relief. (ECF 10.)

The Court construes the letter from Plaintiff dated October 11, 2024 (ECF 9), as a motion to alter or amend a judgment, brought under Rule 59(e) of the Federal Rules of Civil Procedure ("Rule 59(e)"), and as a motion for reconsideration, brought under Local Civil Rule 6.3. For the reasons set forth below, the Court denies these motions, but without prejudice to Plaintiff's refiling this action.

## DISCUSSION

A party who moves to alter or amend a judgment under Rule 59(e), or seeks reconsideration under Local Civil Rule 6.3, must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc. v.*

---

[1] Plaintiff is currently held in the GRVC.

*Mimi So*, 640 F. Supp. 2d 506, 508-09 (S.D.N.Y. 2009) (noting that the standards for motions under Rule 59(e) and for motions for reconsideration under Local Civil Rule 6.3 are the same). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206, 209-10 (S.D.N.Y. 2009) (Such a motion "is not an invitation to parties to treat the court's initial decision as the opening of a dialogue in which [a] party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling." (internal quotation mark and citations omitted)).

Plaintiff does not demonstrate that the Court has overlooked any controlling decisions or factual matters with respect to its dismissal of this action. The Court is aware of the efforts that Plaintiff has made as to informing the court of his changes of address. At this time, however, there are no legal grounds to reopen this action. The Court therefore denies relief under Rule 59(e) and Local Civil Rule 6.3, but does so without prejudice to Plaintiff's refiling this action. Plaintiff is free to bring the same allegations in a new civil action, and the Court will open it under a new civil docket number.

## CONCLUSION

The Court construes the letter from Plaintiff dated October 11, 2024 (ECF 9) as motion to alter or amend a judgment, brought under Rule 59(e) of the Federal Rules of Civil Procedure, and as a motion for reconsideration, brought under Local Civil Rule 6.3. The Court denies these motions without prejudice to Plaintiff's refiling this action.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: November 15, 2024
       New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge